

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00411-CR

---

DARIUS JOHNSON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-2025, Honorable Douglas H. Freitag, Presiding

---

July 16, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Darius Johnson, Jr., was convicted by a jury of murder.[1] Punishment was assessed at twenty years in the Institutional Division of the Texas Department of Criminal Justice. By one issue, Appellant contends there was prosecutorial misconduct during the State's closing argument, specifically, the trial court

---

[1] TEX. PENAL CODE ANN. § 19.02.

impermissibly allowed the prosecuting attorney to misstate the law and mislead the jury as to the requirements of self-defense. We affirm.

## BACKGROUND

Appellant does not challenge the sufficiency of the evidence, so we mention only background facts relevant to the disposition of this case. On June 5, 2022, Steven Colon was gunned down by Appellant. Appellant visited Colon's home with another man who was storing a dirt bike with Colon. After arguing began between Colon and the other man, Appellant raised a gun and fired several shots at Colon. During the guilt-innocence phase of trial, the defense attempted to raise a theory of self-defense (both through cross-examination of witnesses and via Appellant's testimony). Multiple witnesses who were present at the time—including Appellant—denied seeing Colon with a firearm.

## ANALYSIS

### ISSUE ONE—STATE'S CLOSING ARGUMENT

Appellant contends the trial court reversibly erred by overruling his objection to the prosecutor's misstatement of law regarding self-defense and defense of a third person in the prosecutor's closing argument. The appellate complaint is based on the trial court's ruling to Appellant's objection contained in the following:

> [The Prosecutor]: Put yourself in Steven's shoes. He had a verbal argument with a person who came to his house and started yelling at him. There was no unlawful deadly force used to allow Darius Johnson to lawfully –
>
> [Defense Counsel]: Your Honor, I'm going to object. That's not a correct statement of the law. She said there was not any deadly force used that allowed him to do that, any attack or anything. The law is is the perception by my client that it's going to be used.

2

[The Court]: Your objection is overruled.

[The Prosecutor]: You've heard all of the testimony.  You get to believe some, all or none of what you heard from the witness stand.  Do you believe that it was reasonable in the circumstances to shoot Steven Colon, or do you believe that based on the fact that there was a shouting match where guns weren't mentioned, there were no guns seen, there was no movement for a gun, and that is certainly unreasonable and the actions that we have proven up this week is murder.

We review a trial court's ruling on an objection to closing argument for abuse of discretion.  *Aguilar v. State*, No. 03-19-00149-CR, 2020 Tex. App. LEXIS 8063, at *22 (Tex. App.—Austin Oct. 7, 2020, no pet.) (mem. op., not designated for publication).  A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement or is arbitrary or unreasonable.  *Id.* at *22–23.  A trial court's erroneous ruling on a defendant's objection to improper jury argument is non-constitutional error that must be disregarded unless it affects the defendant's substantial rights.  TEX. R. APP. P. 44.2(b); *Zapien-Garcia v. State,* No. 03-17-00779-CR, 2019 Tex. App. LEXIS 4483, at *14 (Tex. App.—Austin May 31, 2019, no pet.) (mem. op., not designated for publication).  To determine whether a defendant's rights were affected, the reviewing court "must independently review the record as a whole."  *Loch v. State*, 621 S.W.3d 279, 282 (Tex. Crim. App. 2021).

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence.  *Adair v. State,* No. 03-11-00318-CR, 2013 Tex. App. LEXIS 14923, at *58 (Tex. App.—Austin Dec. 12, 2013, no pet.) (mem. op., not designated for publication).  Proper jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of

3

opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

Assuming, but without deciding the challenged portion of the prosecutor's argument was improper, and the trial court accordingly abused its discretion by overruling Appellant's objection, the error was harmless. As noted, Appellant's objection was the prosecutor misstated the law on self-defense. But preceding that objection the prosecutor's argument included the following unobjected-to statements:

> [The Prosecutor]: Where was Steven Colon's unlawful deadly force to create in the mind of a reasonable or ordinary and prudent person that there was a necessity to shoot Steven Colon? It doesn't exist, ladies and gentlemen. Are you an ordinary and prudent person? Put yourself in the Defendant's shoes. Was a reasonable decision made? No. Put yourself in Steven's shoes.

Because elsewhere the prosecutor made the same or similar arguments without objection, any error in the trial court's ruling was harmless. *See Myles v. State,* No. 01-11-00188-CR, 2012 Tex. App. LEXIS 4911, at *12–13 (Tex. App.—Houston [1st Dist.] June 21, 2012, pet. ref'd) (mem. op., not designated for publication) ("Even if a defendant objects to an improper argument once, failure to object to other instances of the same or similar arguments will result in an appellate court finding that the trial court's error, if any, in failing to sustain the objection is harmless.") (citing *Howard v. State,* 153 S.W.3d 382, 385 (Tex. Crim. App. 2004)); *see also Roberts v. State*, Nos. 05-19-01374-CR, 05-19-01375-CR, 05-19-01376-CR, 2020 Tex. App. LEXIS 5375, at *11 (Tex. App.—Dallas July 15, 2020, no pet.) (mem. op., not designated for publication) ("Generally, where the 'same objected-to argument is presented elsewhere during trial without objection, no reversible error exists.'") (quoting *Moyer v. State,* 948 S.W.2d 525, 531 (Tex. App.—Fort Worth

4

1997, pet. ref'd)); *Longoria v. State,* 154 S.W.3d 747, 766 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (stating in instance where prosecutor repeated objected-to argument after defendant's objection was sustained, "[w]here the objected-to argument is repeated without objection, no reversible error exists."). Issue one is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough<br>
Justice

Do not publish.